ROBERT TAFOYA, Esq. [California Bar No. 194444]
robert.tafoya@tafoyagarcia.com
DAVID GARCIA, Esq. [California Bar No. 218356]
david.garcia@tafoyagarcia.com
TAFOYA & GARCIA LLP
316 W. 2ND St., Ste 1000
Los Angeles, CA 90012
Telephone: (213) 617-0600
Facsimile: (213) 617-2226

Attorneys for Plaintiff Michael Hammitt

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

12CV1730 JLS JMA

| | |
|---|---|
| MICHAEL HAMMITT, an individual<br><br>Plaintiff,<br><br>vs.<br><br>LUMBER LIQUIDATORS, a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES:**<br>(1) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE SECTION 1194;<br>(2) FAILURE TO PROVIDE MEAL BREAKS;<br>(3) VIOLATION OF LABOR CODE § 2802;<br>(4) VIOLATION OF LABOR CODE § 226;<br>(5) UNFAIR BUSINESS PRACTICES<br>(Violation of Cal. Bus. & Prof. Code §17200 et seq.)<br>DEMAND FOR JURY TRIAL |

//
//

**COMPLAINT FOR DAMAGES**

Plaintiff Michael Hammitt ("Plaintiff"), hereby submits his Complaint against Defendant Lumber Liquidators, Inc. (Lumber Liquidators or "Defendant"), a Delaware corporation and Does 1-10 (hereinafter collectively referred to as "DEFENDANTS"), as follows:

## INTRODUCTION

1. This case is within the Court's jurisdiction pursuant to 28 U.S.C. Section 1332(a). Defendant Lumber Liquidators is incorporated in the State of Delaware and maintains its principal place of business at 3000 John Deere Road Toano, Virginia 23168. Plaintiff is a resident and citizen of California and the amount in controversy for Plaintiff exceeds $75,000.

2. Plaintiff is informed and believes and based thereon alleges that DEFENDANTS have engaged in, among other things, a system of willful violations of the California <u>Labor Code, Business and Professions Code</u> and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny Plaintiff all overtime, meal wages due, all reimbursements for work related expenses, and all proper and accurate payroll records of Plaintiff.

3. The policies, practices and customs of Defendant described above and below have resulted in unjust enrichment of Defendant and an unfair business advantage over businesses that routinely adhere to the strictures of the California <u>Labor Code</u> and <u>Business and Professions Code</u>.

4. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 10, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon allege that each of said fictitious DEFENDANTS was responsible in some way for the matters alleged herein and proximately caused Plaintiff and

members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

5.  At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

6.  Plaintiff is informed and believe and based thereon allege that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting DEFENDANTS.

7.  At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

### JURISDICTION AND VENUE

8.  The Court has jurisdiction over the violations of the California <u>Labor Code</u> §§ 201-204, 226, 226.7, 227.3, 1194, 2802, and California <u>Business and Professions Code</u> § 17200, et seq., (Unfair Practices Act).

9.  Venue is proper because Defendant Lumber Liquidators does business in the State of California, its principle place of business is outside of California, and much of the conduct in question occurred within this district.

//

## THE CONDUCT OF THE PARTIES

10. The acts complained of herein occurred range from the last four years preceding the filing of an alleged class action complaint, on September 3, 2009, now pending in the action (Northern District Court of California, Case No. C-09-04812 SC) involving claims that were not certified as a class action as of March 26, 2012.

11. Plaintiff Michael Hammitt was employed by Defendant Lumber Liquidators from approximately February 2005 to June 2011 as an "exempt" employee during the relevant time period.

12. During the time period relevant to this case, Defendant Lumber Liquidators has operated retail stores in California which sell wood flooring products.

13. Plaintiff worked substantial overtime work hours, especially on workdays and in workweeks when Defendant Lumber Liquidators required Plaintiff to work alone, or with one other employee, in his store which was open to the public six to seven days a week, for over ten hours per day. Defendant Lumber Liquidators did not allow Plaintiff to close the store until the last customer had left the store.

14. Plaintiff's primary tasks consisted in maintaining Defendant Lumber Liquidators' stores, by checking material into the warehouse or storage area, separating the material, operating the forklift, shipping materials to different locations, upkeeping the store, by sweeping, cleaning the rest rooms and windows, pricing and tagging merchandise, setting up displays, talking to and charging customers, and loading wood products onto customers' vehicles.

15. Pursuant to Labor Code section 510, employers are required to pay employees one-and-half times their normal hourly rate for hours worked in excess of eight hours per day and in excess of forty hours per week, and twice the normal

hourly rate for hours worked in excess of twelve per day and eight on the seventh day worked in a work week.

16. During his employment with Defendant Lumber Liquidators, Plaintiff regularly worked in excess of eight hours per day and in excess of forty hours per week but was not paid one-and-half times his normal or regular hourly rate for such overtime work. Defendant Lumber Liquidators improperly treated Plaintiff as "exempt" from overtime pay.

17. Lumber Liquidators staffed the stores in which Plaintiff worked with as few employees as possible to maximize the time that Plaintiff had to work without overtime wages.

18. Defendant Lumber Liquidators also required Plaintiff to incur business expenses without reimbursing Plaintiff for such expenses. For example, Defendant had Plaintiff use his own vehicle to deposit the stores' monies into Defendant's local bank accounts, without reimbursing Plaintiff for the expenses that he incurred in traveling in his personal vehicle to make such deposits multiple times per workweek. Defendant Lumber Liquidators did not reimburse Plaintiff for his use of his personal vehicle.

19. Lumber Liquidators tasked Plaintiff with working in a new store in San Diego, at 7930 Miramar Rd., San Diego, CA 92126, working alone on many occasions in the mornings and evenings, and on weekends.

20. During his employment with Defendant, including during pay periods wherein Plaintiff worked overtime, Plaintiff earned non-discretionary commissions/bonuses. Defendant Lumber Liquidators did not calculate and/or factor such non-discretionary commissions/bonuses into his regular rate of pay for purposes of calculating overtime pay, and as such, Defendant owes Plaintiff additional overtime pay.

21. Defendant Lumber Liquidators regularly required Plaintiff to work through the work day without an unfettered 30 minute meal break. Defendant

Lumber Liquidators knew about Plaintiff's work schedules and made Plaintiff to forego meal periods. Plaintiff was not exempt from the meal period requirements in the Labor Code and in the applicable wage order.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY OVERTIME WAGES
## IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 1194
## (AGAINST ALL DEFENDANTS BY PLAINTIFF)

22. Plaintiff re-alleges and incorporates by reference each paragraph above as though fully set forth herein.

23. At all times relevant herein, Defendant Lumber Liquidators was required to compensate Plaintiff proper overtime wages for overtime hours worked pursuant to California Labor Code § 1194. Defendant Lumber Liquidators regularly misclassified Plaintiff as an exempt employee and thereby denied him proper overtime wages.

24. Moreover, during his employment with Defendant Lumber Liquidators, Plaintiff also earned non-discretionary "commissions"/"bonuses." Defendant Lumber Liquidators did not calculate and/or factor such non-discretionary commissions/bonuses into Plaintiff's regular rate of pay for purposes of calculating increased overtime pay and, as such, it owes Plaintiff additional overtime pay.

25. Plaintiff is informed and believes and based thereon alleges that Defendant Lumber Liquidators' requirement that Plaintiff work overtime without overtime wages is and, at all times herein mentioned, was in violation of California Labor Code § 1194 and California Industrial Welfare Commission wage order(s).

26. The conduct of Defendant Lumber Liquidators and its agents and employees as described herein was willful and intentional.

27. Plaintiff is informed and believes and based thereon alleges that Defendant Lumber Liquidators' willful failure to provide all overtime wages due

and owing him upon separation from employment results in a continued payment of wages up to thirty days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to Labor Code § 203.

28. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to Labor Code section 1194.

## SECOND CAUSE OF ACTION
## FOR VIOLATIONOF LABOR CODE § 226.7
## REGARDING MEAL PERIOD WAGES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF)

29. Plaintiff re-alleges and incorporates by reference each paragraph above as though fully set forth herein.

30. Plaintiff regularly worked during the relevant time period in excess of five and 10 hour workdays without being provided a meal period by Defendant and being relieved of all duties as required by Labor Code sections 226.7 and 512.

31. Because Defendant did not provide Plaintiff meal periods pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, Defendant is liable to Plaintiff one hour of additional pay at the regular rate of compensation for each workday that Defendant did not provide a proper meal period, pursuant to California law.

32. Plaintiff is informed and believes and based thereon alleges Defendant's willful failure to provide Plaintiff the wages due and owing upon separation from employment results in a continued payment of wages up to 30 days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to Labor Code § 203.

33. Such conduct of Defendant is unlawful and creates an entitlement to recovery by the Plaintiff, in a civil action, for the unpaid balance of the unpaid

6
COMPLAINT FOR DAMAGES

premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon, any applicable penalties, and costs of suit.

### THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 2802
### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

34. Plaintiff re-alleges and incorporates by reference each paragraph above as though fully set forth herein.

35. This cause of action is brought pursuant to Labor Code § 2802 which provides that employees are entitled to be indemnified for expenses and losses in discharging the duties of their employers.

36. As detailed above, Defendant regularly failed to reimburse and indemnify Plaintiff for work related expenses and losses, including but not limited to mileage and automobile related expenses.

37. Defendant's practice regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys fees, and costs of suit according to the mandate of California Labor Code § 2802, et seq.

### FOURTH CAUSE OF ACTION
### FOR VIOLATION OF LABOR CODE § 226
### REGARDING RECORD KEEPING
### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

38. Plaintiff re-alleges and incorporates by reference each paragraph above as though fully set forth herein.

39. Defendant failed in its affirmative obligation to keep accurate payroll records of its California employees. Defendant, as a matter of policy and practice, did not maintain accurate records in violation of Labor Code § 226.

40. For example, as a matter of policy and practice, among the violations

of Labor Code § 226, Defendant failed to keep accurate records of Plaintiff's rates of overtime pay, meal periods taken, total overtime hours worked, net wages earned, and/or daily or weekly overtime pay.

41. As such, Defendant's wage records for Plaintiff are inaccurate.

42. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code § 226.

43. Defendant's practice regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff.

## FIFTH CAUSE OF ACTION
### For Violations of Business and Professions Code § 17200 et seq.
### (AGAINST ALL DEFENDANTS BY PLAINTIFF)

44. Plaintiff re-alleges and incorporates by reference each paragraph above as though fully set forth herein.

45. Defendant has engaged and continues to engage in unfair, unlawful, and misleading business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by (a) failing to properly calculate and pay Plaintiff all overtime owed, (b) failing to provide all proper meal breaks, (c) failing to reimburse Plaintiff all business related expenses, all in violation of the California Labor Code and the applicable IWC Wage Order.

46. Defendant's use of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over its competitors.

47. Plaintiff seeks full restitution of monies as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendant's by means of the unfair practices complained of herein.

48. Plaintiff seeks wages owed pursuant to Defendant's own policies, practices and procedures that did not comply with California law.

49. The acts complained of herein range from the four years preceding the filing of an alleged class action complaint, on September 3, 2009, now pending in the action (Northern District Court of California, Case No. C-09-04812 SC) involving claims that were not certified as a class action as of March 26, 2012, through Plaintiff's last day of employment.

50. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned Defendant has engaged in unlawful, deceptive and unfair business practices, as proscribed by California <u>Business and Professions Code</u> § 17200 et seq., including those set forth herein above thereby depriving Plaintiff of the minimum working condition standards and conditions due to him under California laws and Industrial Welfare Commission wage orders as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against DEFENDANTS, jointly and severally, as follows:

1. Upon the First Cause of Action, for all overtime wages owed, and for waiting time wages according to proof pursuant to California <u>Labor Code</u> § 203;

2. Upon the Second Cause of Action, for all meal period wages owed, and for waiting time wages according to proof pursuant to California <u>Labor Code</u> § 203;

3. Upon the Third Cause of Action, for all damages, wages, and penalties pursuant to statute as set forth in California Labor Code §§2802-2804, and

implementing case law, and for costs and attorneys' fees;

4. Upon the Fourth Cause of Action, for all damages, wages, and penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorney's fees;

5. Upon the Fifth Cause of Action, for restitution to Plaintiff of all funds unlawfully acquired by Defendant by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 et seq.;

6. On all causes of action for prejudgment interest, attorneys fees and costs as provided by California Labor Code §§ 226, 1194 and Code of Civil Procedure § 1021.5, as applicable, and for such other and further relief the Court may deem just and proper.

Dated: July 12, 2012

TAFOYA & GARCIA LLP

By: _____
David A. Garcia
**Attorney for Plaintiff Michael Hammitt**